# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| TYSON CONSTANT, ) | |
| ) | Case Nos. 1:14-cr-69, 1:17-cv-314 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court are Petitioner Tyson Constant's *pro se* motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 65) and his motion to appoint counsel (Doc. 66). Respondent, United States of America, opposes Petitioner's motion. (Doc. 75.) For the following reasons, the Court will **DENY** Petitioner's § 2255 motion (Doc. 65). Defendant's motion to appoint counsel (Doc. 66) will be **DENIED AS MOOT**.

## I.    BACKGROUND

In 2015, a jury found Petitioner guilty of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. 62, at 2.) Petitioner was sentenced to 262 months' imprisonment and six years of supervised release, which was within the United States Sentencing Guidelines ("USSG") range for career offenders. (*Id.*; Doc. 51.) Petitioner asserted three claims on appeal: "(1) the district court erred by admitting evidence at his trial of "other bad acts" under Federal Rule of Evidence 404(b); (2) the government committed prosecutorial

misconduct; and (3) the cumulative effect of the errors warrants reversal of his conviction." (Doc. 62, at 2.) On April 10, 2017, the United States Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. (Doc. 62.) On November 13, 2017, Petitioner filed the instant § 2255 motion, asserting that he is entitled to relief under § 2255 due to ineffective assistance of counsel and (2) because his career-offender classification under USSG § 4B1.1 is no longer valid after *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). (Doc. 65, at 7.) This motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

To obtain relief under § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

2

review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

As a threshold matter, Petitioner's motion is timely under § 2255(f)(1). The judgment of conviction became final when it was affirmed by the Sixth Circuit on April 10, 2017. (Doc. 62.) Petitioner filed the instant motion on November 13, 2017, well within the one-year limitation period. (Doc. 65.) Accordingly, Petitioner's motion was timely filed.

#### A. Ineffective Assistance of Trial Counsel

Petitioner contends that his trial counsel was ineffective for three reasons: (1) his trial counsel failed to seek to exclude evidence admitted under Federal Rule of Evidence 404(b) or,

alternatively, failed to seek a limiting instruction; (2) his trial counsel failed to object to prosecutorial misconduct; and (3) his trial counsel's errors cumulatively operated to deny Petitioner a fair trial. (Doc. 65, at 4-5, 8.)

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show both "that [his] lawyer[ ] performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 687). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[T]he inability [of the petitioner] to prove either of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*). Furthermore, [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

The Sixth Circuit addressed each of the underlying claims on direct appeal. (Doc. 62.) Because Petitioner's counsel did not object at trial to the evidence admitted under Rule 404(b) and the alleged prosecutorial misconduct, the standard of review on appeal was plain error. Even so, the Sixth Circuit's statements that, even assuming error, there was no prejudice because of the "overwhelming evidence" against Petitioner, are instructive here. (*Id.* at 5–6.)

First, Petitioner cannot show that the admission of evidence of his prior drug sales, admitted as evidence under Rule 404(b), resulted in prejudice under *Strickland* because, as the Sixth Circuit noted, the agent's testimony, and the quantity of drugs and money in small bill denominations found on Petitioner when he was apprehended constituted "strong" alternative evidence of Petitioner's intent to sell the cocaine base. (*Id.*) Petitioner has not shown a "reasonable probability" that, had his counsel objected to the admission of evidence of his prior drug sales or requested a jury instruction regarding the Rule 404(b) evidence, the jury would not have convicted him. *Strickland*, 466 U.S. at 694.

Second, Petitioner cannot show he was prejudiced by the prosecutor's questions on cross-examination or statements at closing, even assuming they amounted to misconduct. The Sixth Circuit found that, "[t]hough the questions were asked deliberately, it cannot be said that the jury was misled or that Constant was prejudiced." (Doc. 62, at 7 (citing *United States v. Dickens*, 438 F. App'x 364, 370 (6th Cir. 2011).) The Sixth Circuit noted that the questions "were not 'extensive' and the other evidence against Constant was strong." (*Id.*) Petitioner also faults his trial counsel for not objecting to the prosecutor's closing statements reminding the jury that they would have to make credibility determinations. (Doc. 65, at 28.) The Sixth Circuit found that it was not plain error for the prosecutor to tell the jury that it was their responsibility to make determinations about witness credibility. (Doc. 62, at 7.) This Court finds that trial counsel's

5

failure to object to the prosecutor's statements did not fall "well below the norm of competence in the profession . . . ." *Caudill*, 881 F.3d at 460 (citing *Strickland*, 466 U.S. at 687).

Lastly, Petitioner faults his trial counsel for cumulative errors, including "fail[ing] to provide constitutionally adequate legal advice, and his failure to investigate and prepare for trial, and impeach key government witnesses. But most significantly, [sic] were his collective failings in preventing the jury from giving a full and fair assessment of the evidence." (Doc. 65, at 37.) Petitioner claims that his counsel "did not have a pretrial or trial strategy . . . , did not file any pretrial motions and did not make the appropriate objections to significant issues . . . ." (*Id.* at 38.) Petitioner fails to state how these alleged failures prejudiced him by describing how the outcome of his trial may have been different if trial counsel had pursued a different strategy. For example, Petitioner states that his counsel should have hired an investigator, (*id.*), but does not allege that an investigator would have uncovered something specific to undermine the government's evidence against him. *See United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009). Petitioner also mentions "trial counsel's failures during plea negotiations" but does not develop this claim beyond stating that he would do so at an evidentiary hearing. (Doc. 65, at 39, 44.) Petitioner's statements are conclusions rather than factual allegations that would entitle him to an evidentiary hearing. *See Martin*, 889 F.3d at 832. In sum, Petitioner's cumulative-error claim is "legally insufficient to sustain review" because it is stated conclusorily and lacks "any allegations of facts" that would merit an evidentiary hearing. *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974); *see also United States v. Roach*, 502 F.3d 425, 442 (6th Cir. 2007).

Accordingly, Petitioner is not entitled to relief on his ineffective-assistance-of-counsel claims.

### B. Classification as a Career Offender

Petitioner also challenges his classification during sentencing as a career offender under USSG § 4B1.1, contending that his prior felony drug convictions under Tennessee Code Annotated § 39-17-417 are no longer career-offender predicates after *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). (Doc. 65, at 32–34.) But there is no merit to this argument, as the Sixth Circuit has held, both before and after *Mathis* and *Hill*, that a violation of Tennessee Code Annotated § 39-17-417 is a categorical controlled substance offense within USSG § 4b1.2(b)'s definition. *See, e.g.*, *United States v. Alexander*, 686 F. App'x 326, 327 (6th Cir. 2017); *United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014); *James v. United States*, 217 F. App'x 431, 439 (6th Cir. 2007). Accordingly, Petitioner is not entitled to relief on his claim that his classification as a career offender is invalid.

### IV. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, the Court need not conduct an evidentiary hearing. For the reasons set forth herein, Petitioner's § 2255 motion (Doc. 65) is **DENIED** and his motion to appoint counsel is **DENIED AS MOOT**. This action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma*

*pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

<u>**/s/** *Travis R. McDonough*</u>
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**